UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

North Star Mutual Insurance Company,

Plaintiff,

vs. ORDER

Zurich Insurance Company, Westrope & Associates, Legend Insurance Services, and Schneck Farm Dairies, Inc.,

Defendants. Civ. No. 01-837 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

To: Marcus J. Christianson, Christianson, Stoneberg, Giles & Stroup, P.A., 300 O'Connell Street, Marshall, Minnesota, 56258.

At Duluth, in the District of Minnesota, this 24th day of September, 2001.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

It appears from the record that this action was commenced in Minnesota State Court by the service of a Summons and Complaint upon the Defendant Zurich Insurance Company ("Zurich"). It is not

FILED SEP 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3

clear from the record whether the Defendants Westrope & Associates ("Westrope"), Legend Insurance Services ("Legend"),[1] or Schneck Farm Dairies, Inc. ("Schneck") were ever served. Thereafter, on June 5, 2001, Zurich filed a notice of removal to this Court, and an Answer to the cross-claim of Legend. No other Defendant in this case has made an appearance in this Court, however. Further, Zurich has failed to file an Answer to the original Complaint.

First, in regard to the Defendants who have not made an appearance in this Court, it appears that one hundred and twenty (120) days have passed and the Defendants Legend, Westrope, and Schneck may have not been served with the Complaint and Summons as required by Rule 4(m) of the Federal Rules of Civil Procedure. Moreover, in regard to Zurich's failure to file an Answer to the Plaintiff's Complaint, as is here pertinent, Rule 81(c), Federal Rules of Civil Procedure, provides the following:

> In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such

[1]Although Legend has not made an appearance in this Court, it did apparently answer the Complaint filed in State Court, and filed a cross-claim against Zurich, as Zurich has filed an Answer to that cross-claim.

> initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

It would appear that these deadlines have passed, and no Answer has been filed by Zurich. Nevertheless, Rule 81(c), as well as the Local Rules of this District, require that an Answer or other pleading be filed, or, if the Defendant should choose to respond to the Complaint by a Dispositive Motion, that a cover letter be filed, which complies with the dictates of LR7.1(b)(2)(A). Although an initial motion for an extension of time will be liberally construed by the Court in the absence of any objection by opposing counsel, the Court does not permit counsel, by agreement, to extend the time for complying with these procedural requisites.

WHEREFORE, Pursuant to the provisions of Rule 4(m) of the Federal Rules of Civil Procedure, it is --

ORDERED:

1. That counsel for the Plaintiff is directed to show good cause, in writing, within twenty (20) days of the date of this Order, for an extension of time in which service can be effectuated on those Defendants yet to be served. In the absence of good cause shown, the Court shall Recommend that this action, as it pertains to those Defendants, be dismissed for failure to effect proper service upon those Defendants, and for failure of prosecution;

2. That counsel for the Plaintiff notify the Defendant Zurich immediately that it is required to serve and file appropriate documentation which complies with the procedures which are outlined in this Order, or else move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;

2. That counsel for the Plaintiff file an application for entry of default unless the required pleading is filed by Defendant Zurich within 10 days of the referenced notification; or

3. That counsel for the Plaintiff advise the Court in writing of any good cause to the contrary.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE